UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NO. 17-6022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | MOTION BY UNITED STATES |
| | ) | TO DISMISS IN PART, AND |
| v. | ) | FOR SUMMARY AFFIRMANCE |
| | ) | WITHOUT FULL BRIEFING |
| JERRY SCOTT HILL | ) | |

The United States, by and through the United States Attorney for the Eastern District of North Carolina, hereby moves to dismiss Defendant's appeal in part, pursuant to Local Rule 22(a), and for summary affirmance without full briefing, pursuant to Local Rule 27(f) and Rule 2 of the Federal Rules of Appellate Procedure. We also move for suspension of the briefing schedule during the consideration of this request. We state the following in support of our motion.

## BACKGROUND

This is a direct appeal from the district court's denial of Defendant Jerry Hill's motion to vacate under 28 U.S.C. § 2255. (J.A. 85-95). In that proceeding, the district court denied Defendant's challenge to his status as an armed career criminal, but the court issued a certificate of appealability on one specific issue: "[W]hether AWDWIKISI [North Carolina assault with a deadly weapon with intent to kill inflicting serious injury] constitutes a violent felony under the ACCA." (J.A. 93-94).

Defendant filed his appellant's brief on March 16, 2017, arguing that AWDWIKISI is not a violent felony because, he claims, it can be committed with culpable negligence. (Opening Brief at 6). He also asks the Court to "revisit[]" its published holding that North Carolina breaking and entering is a violent felony, although he recognizes that the district court's certificate of appealability does not cover such a claim. (Opening Brief at 6).

On April 17, 2017, this Court granted undersigned counsel's motion to hold this case in abeyance pending United States v. Thompson, No. 15-4685. (Appellate Docket Entry 29). There, the government had argued, in part, that the Supreme Court's recent decision in Voisine v. United States, 136 S. Ct. 2272 (2016), compels the conclusion that North Carolina assaults involve the "use" of force, even if committed with culpable negligence. That issue, if decided by this Court in Thompson, would bear directly on Defendant's argument concerning AWDWIKISI.

The Court's decision in Thompson issued on October 26, 2017, but the Court affirmed the judgment based on a different rationale, thus leaving the Voisine issue for another day. After Thompson was decided, this Court restored the briefing schedule in this case, and Defendant filed a supplemental brief on Thompson. (Appellate Docket Entries 30 & 31). Again acting on undersigned counsel's motion, this Court held this case in abeyance a second time, this time for United States v. Townsend, No. 16-6443, which

2

would directly address whether AWDWIKISI involves the requisite "use of force" to be a violent felony. (Appellate Docket Entry 35).

This Court decided Townsend on March 30, 2018, in a published opinion. United States v. Townsend, 886 F.3d 441. There, the Court concluded that AWDWIKISI "is categorically a violent felony under the force clause of ACCA," id. at 442, because its requirement of a specific intent to kill ensures that the perpetrator could not commit the offense with culpable negligence, id. at 445–48. Thus Townsend decided the very same issue provided in Defendant's certificate of appealability from the district court.

After Townsend was decided, this Court issued a new briefing schedule, and Defendant filed a supplemental brief addressing Townsend. (Appellate Docket Entries 36 & 37). In his brief, Defendant argues that Townsend "failed to correctly analyze what the North Carolina Supreme Court did or would do in this specific situation," and he seeks to "preserve this argument for further purposes." (Appellate Docket Entry 37 at 8). Townsend, however, is a published decision precluding Defendant's exact argument.

## DISCUSSION

### Motion to Dismiss in Part

In a proceeding under 28 U.S.C. § 2255, "the applicant cannot take an appeal unless a circuit justice or a circuit or district

3

judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Section 2253(c) prohibits an appeal absent such a certificate, which "shall indicate which specific issue or issues" satisfy the requirements for a certificate of appealability.

This Court, in turn, has adopted a detailed local rule listing the requirements for handling certificates of appealability, Local Rule 22(a). In relevant part, Local Rule 22(a)(2) addresses the procedures that "apply in cases in which the district court has granted a certificate of appealability as to at least one issue." The appellant may of course appeal on the issue certified, but if he wishes to expand the certificate to cover other issues, he must submit a request to this Court seeking that relief. And per Local Rule 22(a)(2)(A), that request must be <u>separate</u> from his merits brief: "The request shall be submitted either in the form prescribed by Fed. R. App. P. 27 for motions or on a form provided by the clerk." This is because a three-judge panel must then consider the request to expand the certificate separately from the merits briefing. Local Rule 22(a)(2)(B), in turn, requires that any such request to expand the certificate of appealability be submitted by the time the appellant's merits brief is filed: "If the appellant's brief on the merits addresses issues beyond the scope of the certificate granted by the district court, this Court will not review those additional issues unless the appellant files,

4

simultaneously with the brief on the merits, a statement containing the names of the parties, the case number, and a list of the issues that the appellant wishes to add to the certificate."

Defendant's challenge to N.C. breaking and entering and larceny (B&E&L) as an ACCA predicate (Brief at 15-28) is not included in the certificate of appealability issued by the district court (J.A. 93-94). Defendant did <u>not</u> move to expand the certificate of appealability "simultaneously with the brief on the merits," and indeed he has never moved to expand it at all. Therefore "this Court will not review [this] additional issue[]." Local Rule 22(a)(2)(B).

It is not sufficient that Defendant asked in his merits brief that the "certificate of appealability be expanded to revisit whether B&E&L under North Carolina law qualifies as a violent felony" (Opening Brief at 6), because Local Rule 22(a)(2)(A) clearly requires a <u>separate</u> filing "either in the form prescribed by Fed. R. App. P. 27 for motions or on a form provided by the clerk." This requirement is no mere technicality, because a properly submitted request will "trigger [a] pause in the briefing process during which the Court will consider whether to expand the certificate," which in turn "will assist the Court in complying with <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029 (2003), by ensuring a separation between the certification inquiry and the final inquiry into the merits." Local Rule 22(a)(2)(B) note.

5

Defendant's failure to independently request an expansion of the certificate of appealability precludes consideration of his claim as to B&E&L, and we respectfully request that the Court dismiss that portion of his appeal.

## Motion for Summary Affirmance

As a result of this Court's decision in Townsend, Defendant's entire appellate case is reduced to a preservation argument. His claim that AWDWIKISI is not a violent felony under ACCA is the same argument rejected by this Court in its published decision in Townsend. Defendant's entire supplemental brief on the subject argues that Townsend was wrongly decided (see Appellate Docket Entry 37 at 8), but as a published decision of this Court, Townsend is the law of this circuit and is not open to challenge in this way. E.g., United States v. Williams, 155 F.3d 418, 421 (4th Cir. 1998) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)).

Similarly, even if the certificate of appealability included Defendant's attack on North Carolina B&E&L as a violent felony (Brief at 15-28), that claim is foreclosed by a binding decision of this Court as well. Like his argument concerning AWDWIKISI, Defendant's entire argument concerning B&E&L requires asking this

6

Court to "revisit its decision" in a prior published decision, this time United States v. Mungro, 754 F.3d 267 (4th Cir. 2014). (Brief at 16). As discussed above, a panel of this Court cannot "revisit" a prior published decision unless it has been undermined by a subsequent Supreme Court or en banc decision. Mungro has not been undermined, and this Court has repeatedly and recently rejected attempts by defendants to avoid Mungro's preclusive effect. E.g., United States v. Beatty, 702 F. App'x 148, 150–51 (4th Cir. 2017) (unpublished); United States v. Thompson, 615 F. App'x 160, 160–61 (4th Cir. 2015) (unpublished). Defendant's B&E&L claim should be dismissed for the reasons discussed above, but even if were not, it should be summarily affirmed.

Defendant's entire appeal is precluded by this Court's binding decisions in Townsend and Mungro. As Defendant's brief therefore serves only to preserve his attacks on those decisions, summary affirmance would serve as an appropriate and expeditious means of applying Townsend and Mungro while allowing Defendant to preserve his claims.

The government recognizes that motions for summary affirmance "are reserved for extraordinary cases only and should not be filed routinely." Local R. App. P. 27(f). This is an atypical case. Defendant acknowledges both Townsend and Mungro (2d Supplemental Brief at 8; see also Brief at 16), and he presents his challenges to those cases to preserve his positions for further review. Here,

7

summarily affirming the denial of Defendant's motion under § 2255 will promote judicial efficiency, avoid additional briefing expenses by the parties, and effectively preserve Defendant's arguments for further review.

While motions for summary affirmance are ordinarily to be made only after briefs are filed, see Local Rule 27(f), this Court may "suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)," Fed. R. App. P. 2. The government respectfully submits that it is unnecessary to require further briefing when precedential decisions directly and decisively resolve the appeal.

This Court has granted a motion for summary affirmance prior to briefing in the past, based on the fact that "the only issue raised in [the appellant's] appeal [was] foreclosed by [the Court's] recent decision" in a published case. Order Granting Summary Affirmance, United States v. Deichert, No. 17-4609 (4th Cir. Apr. 19, 2018) (ECF No. 32). This case should be summarily affirmed for precisely the same reasoning this Court relied on in granting the government's similar motion in Deichert.

The government further requests that the briefing schedule be suspended until this Court rules on its motion for summary affirmance without full briefing.

8

Position of Defense Counsel

The government has consulted defense counsel for his position on this motion. Defense counsel opposes summary affirmance and partial dismissal, but he does not oppose suspending briefing during the pendency of this motion.

CONCLUSION

WHEREFORE, the United States respectfully requests that the Court 1) dismiss the portion of Defendant's appeal lying outside the certificate of appealability, 2) summarily affirm, without full briefing, the denial of Defendant's motion under § 2255, and 3) suspend the briefing schedule during its consideration of this request.

Respectfully submitted this 4th day of June, 2018.

ROBERT J. HIDGDON, JR.
United States Attorney

BY:   /s/ Phillip A. Rubin
      PHILLIP A. RUBIN
      Assistant United States Attorney
      310 New Bern Avenue
      Suite 800, Federal Building
      Raleigh, North Carolina 27601-1461
      Telephone: 919-856-4530

CERTIFICATE OF COMPLIANCE

1. Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I hereby certify that this document meets the type-volume limits of Rules 27(d), 35(b)(2), and/or 40(b) because, exclusive of the portions of the document exempted by Rule 32(f), this document contains 1,847 words.

   (Filings are not to exceed 5,200 words for a motion or response and 2,600 words for a reply, pursuant to Rule 27(d), or 3,900 words for a petition for panel rehearing or rehearing en banc, pursuant to Rules 35(b)(2) and/or 40(b)).

2. Further, this document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in Microsoft Word 2016 using twelve-point Courier New, a monospaced typeface.

/s/ Phillip A. Rubin
PHILLIP A. RUBIN
Assistant United States Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this June 4, 2018, electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF user(s):

Rudolph A. Ashton, III
Counsel for Defendant

/s/ Phillip A. Rubin
PHILLIP A. RUBIN
Assistant United States Attorney